**STATE OF MONTANA,**
   **Plaintiff,**                                           **CAUSE NO. DC-13-09**
-vs-                                                        **DECISION**
**BRAD TODD DAVIS,**
   **Defendant.**

On April 29, 2013, the Defendant was sentenced for Criminal Possession of Dangerous Drugs, a felony, in violation of Section 45-9-102, MCA, the imposition of sentence was deferred for a period of Three (3) years; Defendant shall receive credit for Eight (8) days time served; and other terms and conditions given in the Order For Deferred Imposition of Sentence on April 29, 2013.

On April 14, 2014, the Defendant's deferred imposition of sentence dated April 20, 2013, was revoked. The Defendant was sentenced for Criminal Possession of Dangerous Drugs, a felony, in violation of Section 45-9-102, MCA, to the Montana Department of Corrections for a period of Five (5) years. The Court recommends that Defendant be placed at Nexus for treatment followed by pre-release; shall receive credit for Twenty-five (25) days time served; expressly denied credit toward his sentence for any elapsed time while under his initial probationary sentence; and other terms and conditions given in the Judgment and Sentence on April14, 2014.

On August 7, 2014, the Defendant's Application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court (hereafter "the Division").

The Defendant was present and was represented by James McCormack, an intern with the Montana Office of Public Defender, under the supervision of Ed Sheehy, Jr.,

Attorney at Law. The State was not represented.

Before hearing the Application, the Defendant was advised that the Division has the authority not only to reduce the sentence or affirm it, but also increase it. The Defendant was further advised that there is no appeal from a decision of the Division. The Defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 12, Rules of the Sentence Review Division of the Supreme Court of Montana, provides that, "The sentence imposed by the District Court is presumed correct. The sentence shall not be reduced or increased unless it is clearly inadequate or clearly excessive." (Section 46-18-904(3), MCA).

The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is clearly inadequate or clearly excessive.

Therefore, it is the majority decision of the Division that the Defendant has not established his sentence is clearly excessive or clearly inadequate and the sentence is AFFIRMED.

Done in open Court this 7th day of August 2014.

DATED this 8th day of September, 2014.

Member Hon. Kathy Seeley and Member Hon. Brenda Gilbert.

Judge Newman states that the sentence is clearly excessive. Specifically, the period of commitment ordered by the District Court Judge greatly exceeds the sentence recommended by the State in the Plea Agreement with the Defendant. The sentence is excessive considering Defendant's mental health history, and the fact that the Judgment of the sentencing court fails to establish any rationale for departing from the sentence recommended in the Plea Agreement, which was reasonable based on the nature of the Defendant's probation violations and his treatment and supervision needs.

Chairperson, Hon. Brad Newman,